**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Decided June 30, 2005
Amended July 1, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 03-1089

| | |
|---|---|
| United States of America,<br>　　　*Plaintiff-Appellee,*<br><br>　　v.<br><br>Salem Abdel-Fares,<br>　　　*Defendant-Appellant.* | Appeal from the United States District<br>Court for the Western District<br>of Wisconsin.<br><br>No. 00-CR-0020-C-01<br><br>Barbara B. Crabb,<br>*Judge.* |

**O R D E R**

After concluding that Salem Abdel-Fares's conviction should be affirmed, we ordered a limited remand so that the district court could determine whether the sentence remains appropriate now that *United States v. Booker*, 125 S. Ct. 738 (2005), has relegated the United States Sentencing Guidelines to advisory status. *See United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005).

The district court judge has replied that she would impose the same sentence today knowing that the Guidelines are not mandatory. Therefore, "we will affirm the original sentence against [Abdel-Fares's] plain error challenge provided the sentence is reasonable, the standard of review prescribed by *Booker*, 125 S. Ct. at 765." *Paladino*, 401 F.3d at 484.

On June 17, 2005, we invited the parties to file, within seven days, any arguments concerning the appropriate disposition of the appeal in light of the district court's decision. That time has now passed. We received a submission from the government but not Abdel-Fares.

The Guidelines sentencing range applicable here is 188 to 235 months, and Abdel-Fares's 235 month sentence, although at the high end, is within the range. The district court judge explained her belief that a significant sentence was required to protect the community and to reflect the seriousness of Abdel-Fares's criminal conduct. In addition, the district court judge explained why Abdel-Fares's assistance to the government before sentencing did not warrant a lower sentence. We see no reason why Abdel-Fares's sentence should be deemed "unreasonable." Accordingly, the judgment of the district court is AFFIRMED.